**Aleksandr Anatolye ALESENKO, Petitioner,**

v.

**John ASHCROFT,\* Attorney General, Respondent.**

No. 99–71503.

INS No. A71–160–957.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2001 \*\*.

Decided June 28, 2001.

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2). The Attorney General of the United States, rather than the Immigration and Naturalization Service, is the proper respondent in a petition for review of an order of removal. *See* 8 U.S.C. S 1252(b)(3)(A).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See*

Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.

### MEMORANDUM ***

Aleksandr Alesenko seeks review of the BIA's decision that he is subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(E)(ii) based on his conviction for violating a domestic protective order. We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we deny the petition for review.

Alesenko was arrested and convicted in state court of violating a provision of a protective order that prohibits him from calling his estranged wife at night. As a result of the conviction, the INS charged that Alesenko was subject to removal under 8 U.S.C. § 1227(a)(2)(E)(ii). That section provides that "[a]ny alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a pro-

Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued is deportable." 8 U.S.C. § 1227(a)(2)(E)(ii).

Alesenko claims that the INS failed to prove that his conduct violated "a portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury." The record belies that claim. The prohibited conduct, making late night phone calls to his wife, was clearly intended to protect the wife from credible threats of violence and harassment. Moreover, we agree with the BIA's observation that Alesenko was found guilty of violating the protective order and that *every* provision of that order prohibits Alesenko from harassing or threatening his wife. Accordingly, we conclude that the INS carried its burden under § 1227(a)(2)(E)(ii).

Alesenko also argues that the administrative record should have been limited to his "Record of Conviction" rather than including other documents, such as the protective order and underlying police reports. He contends that if the record were limited to his "indictment, plea, verdict, and sentence," there exist insufficient evidence to support a violation of § 1227(a)(2)(E)(ii). We can discern no reason, however, to so limit the record. Nothing in the statute limits review to the conviction record itself. In fact, the IJ is permitted to consider any evidence that reasonably indicates the existence of a criminal conviction. *See* 8 C.F.R. § 3.41(d).

Finally, Alesenko argues that he was denied due process by not being al-

lowed to "relitigate" his criminal case. There is no question that an alien "is entitled to a full and fair hearing on his claims and a reasonable opportunity to present evidence on his behalf." *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). The record here shows, however, that the parties agreed that they were "dealing with an issue of law with regard to whether the respondent is removable" and that, accordingly, they would not be "going behind the documents of record which speak to the conviction." Given the extensive briefing and arguments on the issue, we conclude that Alesenko was not denied any due process rights. *See Torres-Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir.2001).

PETITION FOR REVIEW DENIED.